STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DAVID BLEEFIELD, ALIAS JEFF TAYLOR, ALIAS JAMES H. TAYLOR, PLAINTIFF IN ERROR.

Submitted January 25, 1935—Decided April 20, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant in error, *Erwin E. Marshall,* prosecutor of the pleas of Mercer county (*Augustine V. Gribbin,* of counsel).

For the plaintiff in error, *George Pellettieri.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff in error was convicted of malicious mischief in the Quarter Sessions Court of Mercer county. Two questions only are presented on this appeal. Both are brought up on strict bill of exceptions. The first is the refusal of the trial court to strike out an answer made by one of the state's witnesses and the second is the action of the trial judge in committing the defendant for contempt of court because he refused to answer a question.

(1) As to the first legal proposition, apparently the object of the question was to show that the witness, the chief of detectives of Mercer county, had obtained a statement or an admission from the defendant and that it was voluntary in character. The state's attorney asked the witness this ques-

tion: "*Q.* * * * Did you tell him you would not do anything to him? *A.* I did not. He asked me if I could get him an S. S." Thereupon the attorney for the defendant moved to strike this answer from the record and requested that the jury be instructed to disregard it. The court declined so to do and ruled that the answer might stand. Exception was taken for the defendant.

The plaintiff in error now argues that the court, in permitting the answer to stand, fell into error for the reason that the answer was in part not responsive. The state says it was harmless to permit the answer to stand and, further, that there was no explanation as to what the witness meant by an "S. S.," and therefore, that being the part of the answer that was volunteered, no harm was done the defendant by letting the answer stand because that part of the answer was unintelligible to court, jury and counsel. We have never heard the expression "S. S." before but think that perhaps the term was intended to mean suspended sentence. But, be all that as it may, this ground of appeal is valueless.

When a witness, under examination, makes an irresponsive answer, counsel for the adverse party is not always within his rights in moving to strike out such answer. The examiner may move to strike out the answer or part of answer which, in reply to a competent question, is irresponsive, but opposing counsel has no such right. The test seems to lie in the competency of the testimony. If the question be competent and the answer incompetent either party may move to strike out the answer. If the witness, in response to a competent question, gives testimony which is competent but irresponsive, the examining counsel has the right to have the irresponsive matter excluded but the adverse party has no right, on motion, to have such competent although irresponsive testimony struck out. In the present case the question was competent and so was the answer complained of although it was irresponsive. Defense counsel, however, because it was competent testimony, was not entitled to have it struck out. *State* v. *D'Adame,* 84 *N. J. L.* 386 (at *p.* 390). The doctrine laid down in this case was followed in *Rubin* v. *Trowbridge*

*Sign Co.,* 99 *Id.* 217, although the syllabus (2) of this later case seems to us misleading and the opinion itself in part (page 218) grounded on elements foreign to the rule in the D'Adame case upon which it relies. In the Trowbridge Sign Co. case it seems that in response to a competent question an expert witness made answer, a good deal of which was volunteered. The opinion indicates that in such a situation the adverse party was entitled to move that the objectionable part of the answer be struck out, citing *State* v. *D'Adame, supra.* If that be taken to mean that the answer was objectionable legally, because it was volunteered or irresponsive, we observe that we do not think that the learned opinion writer intended to give this impression and, fearing that it might give rise to an obscurity as to the real distinction, we deem it prudent to call attention to the line of demarcation as we understand it. In the Trowbridge case, the volunteered part of the answer should have been struck out on the motion of the non-examining counsel, not because it was irresponsive but only because it was incompetent, since it was hearsay. Its incompetency is the only reason that it was subject to exclusion on the motion of adverse counsel on the authority of *State* v. *D'Adame, supra.*

(2) The next assignment of error upon which a reversal is sought is the action of the trial judge in committing the defendant for contempt because he refused to answer a question. Defendant testified that he had paid out moneys to a public official for "protection" in the conduct of his operations (what the operations were, does not appear, the bill of exceptions containing only enough of the testimony to disclose what actually happened at that particular moment of the trial), and he refused, on being asked, to name the official. He did admit, however, that the "operations" of his concern during the period in which he paid for the so-called protection were "entirely legitimate" and that the naming of the public official could not be incriminating to himself. The court then insisted that he name the official in question, and he refused to do so. The court recessed at this juncture for six minutes in order to give the defendant time to consult

with his counsel in the matter and after the recess the defendant, on resuming the stand, declined to answer the question on the ground that by so doing he might incriminate himself, whereupon the court adjudged him guilty of contempt and ordered him committed to the county jail until such time as he purged himself of the contempt. Defendant's counsel objected to' the action of the court in holding the defendant in contempt and thereupon asked the court to declare a mistrial, which motion was denied and an exception allowed.

The exception was directed at the court's action in holding the defendant in contempt and likewise the denial of the motion for a mistrial. The action of the court in holding the defendant for contempt may not be reviewed on bill of exceptions. The remedy therefor is provided by statute (*Comp. Stat., p.* 1736, §§ 138, 139). *Attorney-General* v. *Verdon,* 90 *N. J. L.* 494. This brings us to the question as to whether or not it was error for the court to have denied motion for a mistrial because the court committed the defendant for contempt. "The direction of a mistrial in a criminal case rests in the sound discretion of the trial judge and is to be exercised only in very extraordinary and striking circumstances in order to prevent the failure of justice. Since it rests in discretion, a strict bill of exceptions will not lie to its refusal nor can it be availed of under section 136 of our Criminal Procedure act unless its refusal resulted in manifest wrong or injury." *State* v. *Lewis,* 83 *N. J. L.* 161; *affirmed,* 84 *Id.* 417. See *State* v. *Unger,* 93 *Id.* 50 (at *p.* 55); *State* v. *Rosenberg,* 97 *Id.* 430.

The arrest of a witness or, as here, the committing of the defendant for contempt, in the presence of the jury, is a practice not to be commended (*State* v. *Terry,* 89 *N. J. L.* 522) and should be, if at all possible, avoided, but we think nevertheless that under the circumstances here presented to us it did not vitiate the trial. *State* v. *Harrington,* 87 *Id.* 713 (at *p.* 716).

We conclude that the judgment under review must be affirmed.